UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-62816

WALTER CARRION,

    Plaintiff,

vs.

GRC SERVICES & CONSULTING LLC and
DANIEL GOLDSTEIN,

    Defendants.
_____/

## **COMPLAINT**

    Plaintiff, Walter Carrion, sues Defendants, GRC Services & Consulting LLC and Daniel Goldstein, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Walter Carrion**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

    2.    **Defendant, GRC Services & Consulting LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its business in Broward County, Florida, at all times material, where it maintains its principal place of business.

    3.    **Defendant, Daniel Goldstein,** was at all times material an owner/officer/director/member of GRC Services & Consulting LLC, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I - FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Walter Carrion, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

9. Plaintiff was a non-exempt employee of Defendants.

10. Plaintiff consents to participate in this lawsuit.

11. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13. Defendants have been engaged in interstate commerce at all times material in the course of their provision of commercial and residential irrigation and backflow installation, repair, and service which, traditionally, cannot be performed without using computers, petroleum products, vehicles, PVC, flexible pipes, irrigation materials, irrigation supplies, adhesives, goods, materials, supplies, and equipment that have all moved through interstate commerce.

14. Defendants regularly and recurrently utilized computers, petroleum products, PVC piping, valves, flexible tubing, adhesives, controllers, valves, tools, hand tools, machinery, vehicles, goods, materials and supplies that moved in interstate commerce prior to Defendants' use, sales, and/or installation of same.

15. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

16. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business and transmission of electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

17. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

18. Defendants hired Plaintiff to work for them as an Irrigation Field Service Technician.

19. As an irrigation field technician, Plaintiff would regularly and recurrently service, repair, and install PVC piping, valves, flexible tubing, adhesives, controllers, valves, and other

materials and supplies that traveled in interstate commerce.

20. Plaintiff worked for Defendants from October 15, 2018 to August 21, 2019. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21. Defendants agreed to pay Plaintiff at an hourly rate of $20.00.

22. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

23. Defendants would then issue to Plaintiff a check for the "regular" hours that he worked up to 40 hours in a pay period at his regular hourly rate of pay, but would ultimately pay Plaintiff in cash after deducting 2% of Plaintiff's paycheck and after deducting another $15 each week, thereby reducing the "cash in hand" actually paid to Plaintiff.

24. Defendants would then pay Plaintiff in cash at his regular hourly rate of $20.00 per hour for the additional hours he worked beyond 40 in a workweek.

25. Defendants did not pay Plaintiff his wages "fee and clear". *But see* 29 CFR §531.35.

26. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the

4

Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

29. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Walter Carrion, demands the entry of a judgment in his favor and against Defendants, GRC Services & Consulting LLC and Daniel Goldstein, jointly and severally after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

## **COUNT II – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2018**

Plaintiff, Walter Carrion, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

30. Plaintiff performed worked for Defendants during calendar year 2018.

31. Defendants, GRC Services & Consulting LLC and Daniel Goldstein, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

32. Defendants, GRC Services & Consulting LLC and Daniel Goldstein, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct 1099's to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on own behalf of the corporate Defendants.

33. Defendants, GRC Services & Consulting LLC and Daniel Goldstein, normally paid Plaintiff by cash and by check in 2018.

34. Defendants, GRC Services & Consulting LLC and Daniel Goldstein, did not include the amounts that they paid to Plaintiff in the cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 and/or 1099 that Defendants issued to Plaintiff for calendar year 2018.

35. Defendants, GRC Services & Consulting LLC and Daniel Goldstein, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 and/or 1099 for calendar year 2018 by underreporting the amount paid to Plaintiff in calendar year 2018.

36. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns in 2018 caused by Defendants' intentional and willful acts as described above.

37. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Walter Carrion, demands the entry of a judgment in his favor and against Defendants, GRC Services & Consulting LLC and Daniel Goldstein, jointly and severally after trial by jury and as follows:

   a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2016 as set forth above;

   b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

   c. That Plaintiff recover all interest allowed by law; and

   d. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 12th day of November 2019.

                                             Respectfully Submitted,

                                             s/Brian H. Pollock, Esq.
                                             Brian H. Pollock, Esq. (174742)
                                             brian@fairlawattorney.com
                                             FAIRLAW FIRM
                                             7300 North Kendall Drive
                                             Suite 450
                                             Miami, FL 33156
                                             Tel:    305.230.4884
                                             *Counsel for Plaintiff*